J-S75032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                              :

             v.                               :
                                            :
                                            :

HOWARD COOPER,                       :
                                            :

             Appellant              :            No. 2742 EDA 2017

Appeal from the PCRA Order July 25, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007279-2009

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 **FILED JANUARY 23, 2019**

Howard Cooper ("Cooper") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court previously set forth the relevant factual history as follows:

> On February 14, 2009, [at] approximately 2:45 [p.m.], Philadelphia Police Officer Jason Sommerville was driving his personal car in the 2600 block of North Broad Street, Philadelphia, PA[,] when he observed [the victim], Mathew Bullock, run in front of his vehicle[,] being chased by [Cooper].  [Cooper], who was holding a silver knife, grabbed [Bullock], and punched [Bullock] in the face with the knife several times.  [Bullock] fell to the ground[,] and [Cooper] continued stabbing [Bullock] in the face and chest as he lay in the center of Broad Street.  Officer Sommerville exited his vehicle, identified himself, and ordered [Cooper] to drop the knife.  [Cooper] fled and [Officer] Sommerville pursued him.  [Officer] Sommerville apprehended [Cooper,] who had discarded the knife into an empty lot. [Officer] Sommerville contacted police radio and relayed what had occurred[,] at which point [Cooper] got up and engaged in a

struggle with [Officer] Sommerville[,] threatening to kill him. [Cooper] continued to make threats towards other police officers who arrived on the scene and he stated that it was [his] intention to kill [Bullock]. An autopsy was performed on [Bullock's] remains[,] which revealed eight stab wounds to the face, chest, abdomen, back, buttock and knee, and several slash wounds.

PCRA Court Opinion, 7/16/13, at 2-3.

On October 13, 2010, Cooper entered a negotiated guilty plea to third-degree murder, possession of an instrument of crime, and aggravated assault.[1] The trial court sentenced Cooper, pursuant to the plea agreement, to an aggregate term of 20 to 50 years in prison. Cooper did not file a direct appeal.[2]

Cooper, *pro se*, filed his first PCRA Petition on December 23, 2010. The PCRA court appointed Cooper counsel, who subsequently filed a Motion to Withdraw as Counsel, and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Following appropriate notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Cooper's Petition on October 15, 2012. Cooper filed a Notice of Appeal. On October 31, 2012, the PCRA court granted counsel's Motion to Withdraw, and ordered Cooper to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. By Order dated April 1, 2013, this Court remanded the case to the PCRA court, because

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 907(a), 2702.

[2] Cooper later filed an untimely post-sentence Motion, seeking to withdraw his guilty plea, and requesting that the trial court vacate his sentence. The trial court denied the Motion without a hearing.

counsel was not permitted to withdraw until Cooper was directed to file a concise statement. The PCRA court thereafter issued an Order directing Cooper to file a concise statement, and Cooper timely complied. This Court affirmed the dismissal of Cooper's first PCRA Petition. **See Commonwealth v. Cooper**, 105 A.3d 796 (Pa. Super. 2014) (unpublished memorandum).[3]

Cooper filed the instant *pro se* PCRA Petition on May 23, 2017, challenging his mental competency at the time he entered his guilty plea, and the effectiveness of both his plea and first PCRA counsel. The PCRA court subsequently issued a Rule 907 Notice, and Cooper filed a Response. The PCRA court dismissed Cooper's Petition as untimely filed on July 25, 2017. Cooper filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.[4]

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including

---

[3] Cooper later filed a Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc*, which the Pennsylvania Supreme Court denied on November 19, 2014. **See Commonwealth v. Cooper**, 103 A.3d 1292 (Pa. 2014).

[4] Cooper filed two separate appellate briefs with this Court—one handwritten and one typed. On July 17, 2018, this Court entered a Rule to Show Cause Order, directing Cooper to specify which brief he intended to rely upon, and stating that a failure to respond by July 31, 2018, would result in this Court's reliance on the handwritten brief. Cooper did not respond to the Rule to Show Cause, and on August 14, 2018, this Court entered an Order designating Cooper's handwritten brief as the Brief for Appellant.

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

> Our standard of review of an order [dismissing] PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

Here, Cooper's judgment of sentence became final in August 2014, when the time for seeking allowance of appeal with the Pennsylvania Supreme Court expired. Thus, Cooper's second Petition, filed in May 2017, is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Cooper invokes, in his Concise Statement and his Summary of the Argument,[5] the "governmental interference" exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(i). Cooper argues that "every time [he] is given a briefing schedule with a deadline he is persistantly [*sic*] targeted with fabricated misconducts" and placed in the restricted housing unit at SCI – Greene. Brief for Appellant at 15 (renumbered). Cooper claims that he was unable to receive legal assistance through the prison law library during his restricted confinement, and that his PCRA was time-barred by the time of his release from the restricted housing unit. ***Id.*** (renumbered). Cooper states that he was "railroaded" during his placement in the restricted housing unit, and therefore, was unable to file a "timely appeal brief." ***Id.*** at 17 (renumbered).

In order to satisfy the "governmental interference" exception to the PCRA's timeliness requirement, a petitioner must plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i); ***see also Commonwealth v. Chester***, 895 A.2d 520, 52 (Pa. 2006). Here, Cooper fails to explain how the alleged actions interfered with his ability to discover or present any particular claim. Indeed, in his first PCRA Petition, Cooper previously raised his claims

---

[5] Cooper does not otherwise address this claim in the Argument section of his brief.

challenging his mental competency at the time he entered his plea, and the effectiveness of his plea counsel, and this Court determined that the claims lacked merit. *See Cooper*, 105 A.3d 796 (Pa. Super. 2014) (unpublished memorandum). Further, as the PCRA court noted in its Opinion, Cooper previously had acknowledged receiving legal assistance at the SCI – Greene law library and through the Department of Corrections. *See* PCRA Court Opinion, 12/27/17, at 4; *see also* Brief for Appellant at 15-18. Cooper therefore failed to satisfy the "governmental interference" exception to the PCRA's timeliness requirement.[6]

Accordingly, because Cooper did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we affirm the PCRA court's Order dismissing Cooper's Petition as untimely filed.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/19

---

[6] Cooper failed to include his remaining claim, concerning the effectiveness of his first PCRA counsel, in his Concise Statement. *See* Pa.R.A.P. 1925(b)(4)(vii). Additionally, "claims of ineffectiveness of PCRA counsel will not overcome the timeliness requirements of the PCRA…." *Commonwealth v. Pitts*, 981 A.2d 875, 883 (Pa. 2009) (citation omitted).